**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30261 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00089-RRB-1 |
| v. | |
| LAMAR JOSEPH FACINE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30286 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00044-TMB-3 |
| v. | |
| LAMAR FACINE, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted August 14, 2014[]
Anchorage, Alaska

Before:  FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

Lamar Facine appeals his conviction and sentence after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (counts 1 and 2); assault on a federal agent, in violation 18 U.S.C. § 111(a) (count 3); and possession of cocaine in violation of 21 U.S.C. § 844(a) (count 4).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  The district court properly exercised its discretion in denying Facine's motion to withdraw his guilty plea.  *See United States v. Bonilla*, 637 F.3d 980, 983 (9th Cir. 2011) ("We review for abuse of discretion the district court's denial of [the defendant's] motion to withdraw his plea . . . .").  Facine failed to show a "fair and just reason" to permit the withdrawal of his plea.  *See* Fed. R. Crim. P. 11(d)(2)(B) (permitting defendant to withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal").

First, Facine argues that Valenzuela's letter to the district court, in which she "confessed" that she had lied in her prior statements to law enforcement agents, constituted newly discovered evidence.  *See United States v. Showalter*, 569 F.3d

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1150, 1157 (9th Cir. 2009) (stating that a defendant claiming to have new evidence justifying withdrawal must show that "the evidence is both (1) newly discovered[] and (2) plausibly could have motivated a reasonable person in the defendant's position to not plead guilty had he known about the evidence before pleading"). However, Valenzuela's recantation of her prior statements was not new, because she had previously emailed a statement to the prosecutor indicating that she had lied and wished to retract her prior statements implicating Facine. Importantly, prior to entering his guilty plea, Facine already knew that Valenzuela had recanted because he had received a copy of the email in discovery.

Second, Facine argues that Valenzuela's initiative in writing to the court was a "display of courage" that constituted an intervening circumstance justifying the withdrawal of his guilty plea, because such courage makes her a more persuasive witness. While intervening circumstances may justify withdrawal of a guilty plea, *see id*. at 1157, as stated, Valenzuela's purported act of courage was certainly not new because she had previously provided a similar statement to the prosecutor.

Finally, even assuming that certain portions of Valenzuela's letter to the court, and her initiative in contacting the court, were considered to be newly available, the result would be the same. In light of Facine's possession of her email prior to his guilty plea, such additional but similar evidence did not

3

constitute the type of evidence that could plausibly motivate a reasonable person to not plead guilty. *See id.*

2. The district court did not clearly err in finding that Facine was not entitled to a two-level reduction in his sentencing guidelines offense level for acceptance of responsibility. *See United States v. Rosas*, 615 F.3d 1058, 1066 (9th Cir. 2010) ("A district court's decision about whether a defendant has accepted responsibility is a factual determination reviewed for clear error."). As the district court noted, there was some evidence suggesting that Facine had engaged in obstruction of justice by attempting to influence Valenzuela to recant her prior statements. *See* U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.4 (stating that conduct resulting in obstruction of justice indicates that the defendant has not accepted responsibility).

**AFFIRMED.**

4